# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENJAMIN J. WOLFE**,<br><br>        Plaintiff,<br><br>        v.<br><br>**THE RV FACTORY LLC**,<br><br>        Defendant. | Case No. 3:15-cv-02424-SI<br><br>**OPINION AND ORDER** |

Shawn M. Lindsay and Craig R. Berne, HARRIS BERNE CHRISTENSEN LLP, 5000 SW Meadows Road, Suite 400, Lake Oswego, OR 97035. Of Attorneys for Plaintiff.

William J. Edgar, BITTNER & HAHS, PC, 4949 SW Meadows Road, Suite 260, Lake Oswego, OR 97035. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Benjamin J. Wolfe ("Wolfe") brings claims for rescission of contract; violation of Oregon's Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. § 646.608; and common law fraud against Defendant The RV Factory LLC ("RV Factory"). Wolfe alleges that RV Factory induced him to purchase a 2016 Weekend Warrior trailer through false and misleading representations of material facts. Based on the terms of the Buyer's Agreement and the Limited Warranty that Wolfe signed, RV Factory moves to transfer this action to the United States

PAGE 1 – OPINION AND ORDER

District Court for the Northern District of Indiana under 28 U.S.C. § 1404. Dkt. 8. For the reasons that follow, the Court grants RV Factory's Amended Motion to Transfer Venue.

**STANDARDS**

On a motion to transfer venue under 28 U.S.C. § 1404(a), a court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). The forum to which transfer of venue is sought must be a district court where the case "might have been brought." *Id*. Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted); *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The ordinary analysis of a motion to transfer venue under § 1404(a) changes when the parties have formed a contract that includes a valid forum-selection clause. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, ––– U.S. –––, 134 S.Ct. 568, 581 (2013). A court must give a forum-selection clause "controlling weight in all but the most exceptional cases." *Id. at* 579 (internal citation and quotation marks omitted). Plaintiff bears the burden of showing the exceptional circumstances that make transfer inappropriate. *Id.* at 581. In evaluating whether the plaintiff has established that transfer is inappropriate, a court should refrain from "unnecessarily disrupt[ing] the parties' settled expectations" when the parties have agreed "in advance to litigate disputes in a particular forum." *Id.* at 583.

**BACKGROUND**

This action was originally brought by Wolfe in the Circuit Court of the State of Oregon for the County of Washington. RV Factory removed the case to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332.

PAGE 2 – OPINION AND ORDER

Wolfe is a citizen of Oregon. RV Factory is incorporated and has its principle place of business in Wakarusa, Indiana. In late 2014, Wolfe contacted RV Factory to inquire about purchasing a trailer. On December 18, 2014, Wolfe signed RV Factory's Buyer's Agreement in which he promised to purchase a 2016 Weekend Warrior for $40,000, plus an additional $3,911 in freight costs. The Agreement contained the following clause: "This transaction has occurred in the state of Indiana and shall be governed by the State of Indiana." Dkt. 10-1. Above the signature line, the Agreement stated: "I have read the terms and have received a completed copy of this agreement[.]" *Id.*

On April 13, 2015, the date of the sale, Wolfe signed a similar document memorializing the transaction that contained text materially identical to that in the Buyer's Agreement. Dkt. 10-2. Also on April 13, 2015, Wolfe signed a document entitled "Limited Warranty." Section Five of the Limited Warranty, identified as "Jurisdiction and Applicable Law," contains the following provision:

> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects of representations shall be in the courts in the State of Manufacture, Indiana. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture, Indiana. The State of Manufacture of the recreational vehicle is Indiana.

Dkt. 10-3, at 2. Above the signature line, the Limited Warranty stated:

> I/we hereby acknowledge that I/we have read and received this limited warranty prior to entering into any contract to purchase my/our The RV Factory vehicles and agree to abide by all of its terms and provisions including . . . the provisions hereof providing that the exclusive jurisdiction for any claims whatsoever shall be in the courts in the State of Manufacture and that the applicalbe [sic] law of the State of Manufacture.

*Id.*

PAGE 3 – OPINION AND ORDER

At Wolfe's request, RV Factory arranged for a third party to deliver the trailer to Wolfe in Oregon during April of 2015. Wolfe alleges that he discovered material defects in the trailer after it was delivered to him. Wolfe also alleges that RV Factory made misrepresentations to induce him to purchase the trailer. Wolfe asserts that he is entitled to recission of the purchase agreement, or in the alternative, an award of damages equal to the purchase price. Wolfe also asserts that he is entitled to additional non-economic damages, not to exceed $72,000, and attorney's fees.

## DISCUSSION

RV Factory moves for an order transferring venue to the Northern District of Indiana under 28 U.S.C. § 1404(a). Wolfe responds that the Court should not enforce the forum-selection clauses of the Buyer's Agreement and Limited Warranty because transfer to the Northern District of Indiana would be inconvenient or unfair based on public-interest factors.[1]

The Ninth Circuit has held that in federal court, federal law controls the question whether a forum-selection clause is enforceable. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). In *Atlantic Marine*, the U.S. Supreme Court clarified the factors that a district court may consider when evaluating the enforceability of a valid forum-selection clause. 134 S. Ct. at 582-83. In the presence of a valid forum-selection clause, "the plaintiff's choice of

---

[1] Wolfe alleges that RV Factory made misrepresentations to induce Wolfe into purchasing the trailer. The Court notes that if Wolfe sought to escape the forum-selection clause on the grounds of fraud, he would be required to show that the inclusion of the clause itself in the contract was improper; it would be insufficient to attack the agreement as a whole. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) (noting "that simply alleging that one was duped into signing the contract is not enough. . . . For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product of fraud or coercion.'") (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)); *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1204 (C.D. Cal. 2015) (rejecting plaintiff's contentions that a forum-selection clause was the product of fraud and overreaching because the arguments went "to the contract as a whole"). Wolfe has made no such showing here.

forum merits no weight." *Id.* at 582. Additionally, the court "should not consider arguments about the parties' private interests. . . . A court accordingly must deem the private interest factors [including inconvenience to the parties] to weigh entirely in favor of the preselected forum." *Id.* The district court may only consider arguments concerning public-interest factors, which "will rarely defeat a transfer motion." *Id.* The Court thus considers only the public-interest factors presented by Wolfe.[2]

Public-interest factors "include administrative difficulties flowing from court congestion; imposition of jury duty on the people of a community unrelated to the litigation; the local interest in resolving the controversy at home; the interest in having a diversity case tried in a forum familiar with the law that governs the action; and the avoidance of unnecessary conflicts of law problems." *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998). In order to defeat RV Factory's motion to transfer to the parties' contracted-for venue, these factors must establish that "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 134 S.Ct. at 575. According to the Supreme

---

[2] The Court notes that Wolfe's arguments regarding the convenience, expense, and difficulties of litigating this matter in the Northern District of Indiana address only private-interest factors. *Atl. Marine*, 134 S.Ct. at 581 n.6.

> [P]rivate interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Wolfe's other argument concerning the alleged public-safety risk created by driving the trailer to Indiana does not relate to a public-interest factor. As Wolfe notes, the trailer could be safely transported, albeit at considerable expense, to Indiana. Dkt. 13 ¶ 13. This argument goes to both the "relative ease of access to sources of proof," and "other practical problems that make trial of a case easy, expeditious and inexpensive"; and therefore relates to a private-interest factor, and as such, must be deemed to weigh entirely in favor of the preselected forum. *Atl. Marine*, 134 S.Ct. at 582.

PAGE 5 – OPINION AND ORDER

Court, "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

A.  **Administrative Difficulties**

Wolfe argues that the District of Oregon is less congested than the Northern District of Indiana. This proposition may be correct. *See* Admin. Offices of the U.S. Courts, *Federal Judicial Caseload Statistics* Table C-5 (June 30, 2015), *available at* http://www.uscourts.gov/file/18980/download.[3] The median time from the filing of the case to trial is 21.7 months in the District of Oregon, and 30.6 months in the Northern District of Indiana. *Id.*; *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("The real issue is . . . whether a trial may be speedier in another court because of its less crowded docket."). In *Nike, Inc. v. Lombardi*, 732 F. Supp. 2d 1146 (D. Or. 2010), the court held that a difference in median time from the filing of the case to trial of 21.6 months compared to 28.1 months "show[s] about an equal timeline." *Id.* at 1159. In the present case, the median difference is 8.9 months, compared to 6.5 months in *Nike*. The Court finds that a delay of approximately nine months weighs slightly in favor of denying RV Factory's motion to transfer venue.[4]

B.  **Imposition of Jury Duty**

Wolfe argues that Oregon jurors have a much greater interest than Northern Indiana jurors in the litigation of claims involving vehicles shipped to Oregon. RV Factory manufactures its vehicles and has its principle place of business in Northern Indiana. Northern Indiana jurors, like Oregon jurors, thus have an interest in determining whether RV Factory's vehicles have

---

[3] The Court takes judicial notice of Admin. Offices of the U.S. Courts, *Federal Judicial Caseload Statistics* Table C-5 (June 30, 2015) under Fed. R. Evid. 201.

[4] The Court notes that this factor is the most speculative factor. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (commenting that this factor is the most speculative because case-disposition statistics provide only a generalized snapshot of court congestion).

PAGE 6 – OPINION AND ORDER

material defects, or if RV Factory engages in misrepresentations to procure sales. Thus, the Court finds that this factor is neutral.

**C. Local Interest in the Controversy**

Wolfe next argues that Oregon has a far greater interest in resolving the controversy than does Northern Indiana because: (1) the alleged injuries were suffered by Wolfe in Oregon; (2) Wolfe resides in Oregon; and (3) Oregon has a strong interest in protecting its citizens from deceptive trade practices that is expressed both in its statutes and case law.[5] The Supreme Court has held that local interest factor weighs in favor of maintaining claims in the location of the relevant incident and the residence of potential plaintiffs. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981). Here, as Wolfe has emphasized, the alleged injuries occurred in Oregon. Wolfe also resides in Oregon. Accordingly, the Court finds that this factor weighs in favor of denying RV Factory's motion to transfer venue.

**D. Familiarity with Governing Law and Conflict of Law**

Wolfe argues that this Court would have more experience in enforcing Oregon's UTPA than the Northern District of Indiana. This Court's familiarity with the Oregon UTPA, argues Wolfe, weighs in favor of maintaining the action in Oregon.[6]

Parties, however, routinely call upon federal courts to apply the law of other jurisdictions, and courts do not consider the task to be overly burdensome. *See Atl. Marine*, 134 S. Ct. at 584 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit.");

---

[5] The Court does not consider at this time the effect of the Limited Warranty's choice of law clause on Wolfe's claims under Oregon law.

[6] The Court notes that a Northern District of Indiana court would not be required to apply the choice-of-law rules of Oregon, the original venue. The Supreme Court "reject[ed] the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties." *Atl. Marine*, 134 S. Ct. at 583.

*Tschudy v. J.C. Penney Corp.*, 2012 WL 1466514, at *2 (S.D. Cal. Apr. 27, 2012) (noting "that federal judges frequently examine the laws of other states without great moment or angst"); *In re Disaster at Riyadh Airport, Saudi Arabia, on Aug. 19, 1980*, 540 F. Supp. 1141, 1153 (D.D.C. 1982) ("Federal courts are experienced in applying foreign law and should not be reluctant to do so."). Wolfe does not argue that the potentially relevant substantive law of Oregon is so arcane that the Northern District of Indiana courts would be at a great advantage when applying Oregon state law. The Court thus finds that these factors are neutral.

To summarize, the Court finds that the administrative difficulties flowing from court congestion and the local interest in resolving the controversy at home weigh in favor of maintaining the action in Oregon, and the other public-interest factors are neutral. Because only two public-interest factors weigh against granting the motion to transfer venue, and one of those does so only slightly, Wolfe has not met his "burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Atl. Marine*, 134 S. Ct. at 583 (emphasis added).

## CONCLUSION

Defendant The RV Factory, LLC's Amended Motion to Transfer Venue Under 28 U.S.C. §1404 (Dkt. 8) is GRANTED. Defendant's original motion to transfer venue (Dkt. 6) is DENIED AS MOOT. The oral argument set for April 6, 2016, at 10:00 a.m. (Dkt. 16) is STRICKEN. The Clerk of the Court is DIRECTED TO TRANSFER this action to the United States District Court for the Northern District of Indiana and to send a copy of this Opinion and Order to that court.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge